UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GREGORY POINDEXTER,

        Plaintiff,                              Hon. Wendell A. Miles

v.                                                Case No. 5:05 CV 65

KENNETH McKEE, et al.,

        Defendants.

_____/


## REPORT AND RECOMMENDATION

        This matter is before the Court on <u>Defendant Kenneth McKee's Rule 56(b) Motion for Summary Judgment</u>. (Dkt. #18). Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions for summary judgment, the undersigned recommends that Defendant's motion be **granted**.


## BACKGROUND

        The following allegations are contained in Plaintiff's complaint. On August 14, 2003, Plaintiff was employed in the Michigan State Industries prison furniture factory located at the Bellamy Creek Correctional Facility. On that day, Factory Supervisor Kenneth Moore observed Plaintiff "standing/leaning on a podium," at which point Moore "kicked" Plaintiff in the left foot/ankle. Moore instructed Plaintiff to remove his feet from the podium to prevent it from breaking. Later that day, Moore approached Plaintiff and "struck [him] on [the] hands, grazing [his] buttock." Plaintiff subsequently filed a grievance against Moore. Plaintiff also requested that the Michigan State Police

file criminal charges against Moore. On September 25, 2003, Plaintiff was transferred to the St. Louis Correctional Facility. Plaintiff alleges that Warden Kenneth McKee authorized his transfer.

On April 18, 2005, Plaintiff initiated the present action against Moore and McKee. Plaintiff asserts that Defendant Moore's actions violate his constitutional rights and, moreover, constitute assault and battery under Michigan law. Plaintiff asserts that Defendant McKee transferred him in retaliation for exercising his constitutional rights to file grievances. Defendant McKee has filed the present motion seeking summary judgment.

## SUMMARY JUDGMENT STANDARD

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits. *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996); *Aiken v. The City of Memphis*, 37 F.3d 1155, 1161 (6th Cir. 1994). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also*, *Terry Barr Sales Agency v. All-Lock Co. Inc.*, 96 F.3d 813, 819 (6th Cir. 1996) (citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989)).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita*

*Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also*, *Terry Barr Sales Agency*, 96 F.3d at 819; *Schaffer v. A.O. Smith Harvestore Products, Inc.*, 74 F.3d 722, 727 (6th Cir. 1996). The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989) (quoting *Matsushita Electric Ind. Co.*, 475 U.S. at 587); *see also*, *Schaffer*, 74 F.3d at 727.

As the Sixth Circuit has recognized, Supreme Court decisions have encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252; *see also Bailey v. Floyd Board of Education*, 106 F.3d 135, 140 (6th Cir. 1997). Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

## ANALYSIS

The elements of a First Amendment retaliation claim are as follows: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other

words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thaddeus-X*, 175 F.3d at 394.

        1.      Protected Conduct

Plaintiff asserts that Defendant McKee authorized his transfer in retaliation for filing grievances regarding the incidents with Defendant Moore described above. In *Thaddeus-X*, the Sixth Circuit indicated that a prisoner's First Amendment right to access the courts extends to "direct appeals, habeas corpus applications, and civil rights claims only." *Id.* at 391 (citations omitted). Since enactment of the Prison Litigation Reform Act (PLRA), prisoners bringing §1983 actions regarding prison conditions are required to fully exhaust all available administrative remedies. *See* 42 U.S.C. §1997e(a).

While it is true that prisoners do not have a constitutionally protected right to a prison grievance procedure, *see Miller v. Haines*, 1998 WL 476247 at *1 (6th Cir., Aug. 3, 1998), once a state chooses to provide prisoners with a grievance procedure, the PLRA obligates the prisoner to participate in that procedure as a prerequisite to accessing the courts. Logic dictates that if filing a grievance is a necessary prerequisite to obtaining access to the courts, the filing of a grievance must itself constitute protected conduct. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (because a prisoner's constitutional right to access the courts extends to established prison grievance procedures, filing non-frivolous grievances constitutes protected conduct); *Violett v. Reynolds*, 2003 WL 22097827 at *2 (6th Cir., Sep. 5, 2003) (same).

Plaintiff asserts that Defendant McKee retaliated against him for having filed a grievance against Defendant Moore. While it is a close call, the Court cannot conclude (on the

present record) that Plaintiff's grievance against Defendant Moore was frivolous. Accordingly, the Court concludes that Plaintiff was engaged in protected conduct.

    2.  Adverse Action Which Would Deter a Person of Ordinary Firmness

Plaintiff asserts that Defendant McKee retaliated against him by improperly transferring him to another MDOC facility. According to the affidavit submitted by Defendant McKee, Plaintiff was incarcerated at security level III while at the Bellamy Creek Correctional Facility. (McKee Affidavit at ¶ 6). McKee further asserts that Plaintiff was transferred to the security level III general prisoner population at the St. Louis Correctional Facility. *Id.* Plaintiff has submitted no evidence refuting these assertions.

As is well recognized, the transfer of a prisoner "to the general population of another prison is not considered sufficiently adverse to deter a person of ordinary firmness from exercising his First Amendment rights." *Jewell v. Leroux*, 20 Fed. Appx. 375, 377-78 (6th Cir., Sept. 21, 2001); *Friedmann v. Corrections Corporation of America*, 11 Fed. Appx. 467, 471 (6th Cir., April 26, 2001) (same); *Mandela v. Campbell*, 1999 WL 357825 at *3 (6th Cir., May 26, 1999) ("[t]ransfer to the general population of another penal institution, in contrast, is, as we have said, simply one of the ordinary incidents of prison life [and] cannot rise to the level of an 'adverse action' because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights"); *Keller v. Van Tatenhove*, 2005 WL 1378861 at *5-6 (E.D. Ky., June 8, 2005) (same).

The Court finds that Defendant has submitted evidence establishing that Plaintiff's transfer did not constitute an "adverse action." Plaintiff has submitted no evidence to the contrary. Thus, there does not exist a genuine issue of material fact as to this particular element.

### 3. Causal Connection

To sustain his retaliation claim, Plaintiff must also establish that the adverse action taken against him was motivated, at least in part, by the protected conduct in which he engaged. In examining this element, Defendant's subjective motivation is at issue, and as has been recognized, while Plaintiff is not subject to a heightened pleading standard, his burden is not trivial.

As the Sixth Circuit has stated, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399; *see also*, *Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of retaliation must include a chronology of events from which retaliation may plausibly be inferred"). Furthermore, if Defendant demonstrates that he "would have taken the same action in the absence of the protected activity," he is entitled to summary judgment. *Thaddeus-X*, 175 F.3d at 399.

In his affidavit, Defendant McKee asserts that Plaintiff was not transferred in retaliation for filing grievances, but was instead transferred as part of the investigation into Plaintiff's claims against Defendant Moore. (McKee Affidavit at ¶ 5). Specifically, Defendant McKee asserts that "when there is an investigation against staff that indicates there may be possible rule violations that could be substantive concerning a prisoner that would lead to disciplinary action against that staff member, the prisoner is transferred to another facility to assure there is no conflict of interest." *Id.*

The Court finds that Defendant has submitted evidence establishing that his decision to transfer Plaintiff was not motivated by his protected conduct. Plaintiff has submitted no evidence

to the contrary. Thus, there does not exist a genuine issue of material fact as to this particular element.

In sum, for the reasons articulated immediately above, the Court concludes that Defendant McKee is entitled to summary judgment as to Plaintiff's claim that McKee impermissibly retaliated against Plaintiff for filing a grievance against Defendant Moore.

## CONCLUSION

For the reasons articulated herein, the Court recommends that Defendant Kenneth McKee's Rule 56(b) Motion for Summary Judgment, (dkt. #18), be **granted** and Plaintiff's claims against Defendant McKee be **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 9, 2005   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge