UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY POINDEXTER

        Plaintiff,

v.                                                         Case No. 5:05-cv-65

                                                             Hon. Wendell A. Miles

KENNETH MCKEE AND KENNETH
MOORE,

        Defendants.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a *pro se* civil rights action filed under 42 U.S.C. § 1983 by a Michigan prisoner, Gregory Poindexter. On November 9, 2005, Magistrate Judge Ellen S. Carmody issued a Report and Recommendation recommending that the motion for summary judgment filed by defendant Kenneth McKee be granted (Dkt. # 28). Plaintiff filed objections to the Report and Recommendation.

The Court must review the Magistrate Judge's report and recommendation *de novo* when objections have been made. 28 U.S.C. § 636(b)(1)(B); see FED. R. CIV. P. 72(b); Vogel v. U.S. Office Prods. Co., 258 F.3d 509, 515 (6th Cir. 2001). The court, having reviewed the Magistrate Judge's Report and Recommendation, having reviewed the file, and having reviewed the Petitioner's objections, agrees with the recommended disposition

Background

Plaintiff complains of events that occurred while he was incarcerated at the Bellamy Creek Correctional Facility ("Bellamy Creek"). He alleges in his complaint that he was employed in the Michigan State Industries prison furniture factory located at the prison facility. On August 14, 2003, the factory supervisor, Kenneth Moore, observed Plaintiff standing/leaning on a podium. Moore kicked Plaintiff in the ankle and advised him to remove his feet from the podium to prevent it from breaking. Later that day, Moore struck Plaintiff on the hands and buttocks. Plaintiff filed a grievance against Moore, and requested that the Michigan State Police file charges against Moore. On September 25, 2003, Plaintiff was transferred to the St. Louis Correctional Facility. Warden Kenneth McKee authorized the transfer. Plaintiff was transferred into Level III at the St. Louis Correctional Facility, which was the same security level Plaintiff was in at Bellamy Creek. (McKee Affidavit at ¶ 6).

Plaintiff is suing Kenneth Moore and Warden McKee claiming that Defendant Moore's actions violated Plaintiff's constitutional rights and state law, and Defendant McKee transferred him in retaliated for exercising his constitutional right to file grievances.

Defendant Moore filed his Answer to the complaint on June 14, 2005. Defendant McKee did not file an Answer, but instead, on August 1, 2005, filed the Motion for Summary Judgment which the Magistrate Judge recommended be granted. The Magistrate Judge found that Plaintiff's transfer did not constitute an "adverse action," and Defendant McKee's unrefuted evidence showed that his decision to transfer Plaintiff was not motivated by Plaintiff's protected conduct. Plaintiff contends that (1) Rule 56(c) should not be applied to complaints of *pro se*, incarcerated plaintiffs, (2) Plaintiff's transfer caused him to lose his prison job, which constituted

"adverse action," (3) the issue of "adverse action" is a jury question, (4) Defendant McKee's decision to transfer Plaintiff was the direct result of Plaintiff's protected conduct.

## Standard of Review

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In considering a motion for summary judgment, the district court must construe all reasonable inferences in favor of the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## Discussion

A. Rule 56

Plaintiff argues that it is not appropriate to grant summary judgment to a defendant when the plaintiff is a *pro se* prisoner. Under these circumstances, a summary judgment motion should be converted to a motion to dismiss under Federal Rule of Civil Procedure 12(b). Plaintiff contends that his complaint satisfies the Rule 12(b) standard of review. In Davis v. Michigan Dep't of Corr., 746 F.Supp. 662 (E.D. Mich. 1990), cited by Plaintiff, the court stated that "when a Rule 56 motion for summary judgment can be granted without considering extraneous materials - such as affidavits - the district court has the discretion to view such a motion as a Rule 12 motion to dismiss." Id. at 664-65. Under Davis, the decision to convert a Rule 56 motion to a Rule 12(b) motion is within the court's discretion and is appropriate only when a

dispositive motion "can be granted without considering extraneous materials." Davis clearly does not stand for the proposition that summary judgment may never be granted against a *pro se* prisoner. In fact, the Davis court explained that "the Court makes no ruling on the appropriateness of applying Rule 56(e) in *pro se* prisoner cases." Id. at 665. The court does not abuse its discretion by deciding a Rule 56 motion particularly where, as here, the *pro se* prisoner has responded. (See Plaintiff's Response/Rebuttal to Defendants Motion for Summary Judgment (Dkt. # 22)).

    B.  Retaliation

Plaintiff contends that Warden McKee transferred Plaintiff in retaliation for the grievances Plaintiff filed regarding the incident involving Defendant Moore. The elements of a First Amendment retaliation claim are: (1) the plaintiff was engaged in protected conduct, (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements one and two - that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. Muhammad v. Close, 379 F.3d 413, 416 (6th Cir. 2004) (citing Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999)). Plaintiff agrees with the Magistrate Judge's finding that Plaintiff was engaged in protected conduct. See Herron v. Harrison, 203 F.3d 410, 415 (6th Cir. 2000) (prisoners have an undisputed First Amendment right to file non-frivolous grievances against prison officials); Smith v. Campbell, 250 F.3d 1032, 1037 (6th Cir. 2001).

However, Plaintiff disagrees with the Magistrate Judge's conclusion that his transfer from Bellamy Creek to the St. Louis Correctional Facility did not constitute an adverse action. He argues that the loss of his prison job at Bellamy Creek was adverse in that it was the highest

paying job in the prison system, and available only at Bellamy Creek. He argues that had he known he would be transferred away from his favorable prison job, he would not have filed a grievance against Defendant Moore. However, the adverse action inquiry is an objective one, and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendant's conduct is "capable of deterring a person of ordinary firmness." Bell v. Johnson, 308 F.3d 594, 606 (6th Cir. 2002). A transfer to the general population of another prison is ordinarily not considered sufficiently adverse to deter a person of ordinary firmness from exercising his First Amendment rights. Siggers-El v. Barlow, 412 F.3d 693, 701-02 (6th Cir. 2003); Smith v. Campbell, 250 F.3d 1032 (6th Cir. 2001); Ward v. Dyke, 58 F.3d 271, 274-75 (6th Cir. 1995); and see Reinholz v. Campbell, 64 F.Supp. 2d 721, 734 (W.D. Tenn. 1999) (termination of law clerk and clerical positions was not adverse action). In fact, it is constitutionally permissible for prison officials to transfer an inmate to another prison simply to give prison staff a respite from his grievances, Ward at 274, although this was not a consideration in the present case.

In Siggers-El the court held that under the circumstances in that case the plaintiff's transfer to a different facility was adverse. As a result of his transfer, the plaintiff lost his prison job that he needed to pay the attorney that was representing him in his appeal to the state court attacking his sentence, and made it more difficult for his attorney to visit and represent him because he was moved further away from her. Siggers-El at 702. In this case, Plaintiff's transfer did not cause him to lose a job which deprived him of access to an attorney or interfered with his right of access to the courts. The Court agrees with the Magistrate Judge, and the reasoning of

the cases cited in the Report and Recommendation[1], that a person of ordinary firmness would not forgo his right to grieve a physical assault by a prison employee in order to remain at a given facility or work at a particular job within the facility.

Finally, Plaintiff contends that Defendant McKee's decision to transfer Plaintiff was a direct result of Plaintiff's grievance against Defendant Moore. Defendant McKee avers that Plaintiff was transferred in the normal course because "when there is an investigation against staff that indicates there may be possible rule violations that could be substantive concerning a prisoner that would lead to disciplinary action against that staff member, the prisoner is transferred to another facility to assure there is no conflict of interest." (McKee Affidavit at ¶ 5). Plaintiff offers no competent evidence to rebut Defendant McKee's explanation. Instead, he argues that Defendant McKees averment establishes that Plaintiff's transfer was motivated solely by his grievance against Defendant Moore. However, a legitimate response to a grievance does not equate with retaliation for filing a grievance. Retaliation claims are "prone to abuse" because prisoners can claim a retaliatory motive for every administrative decision they dislike. Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983). Accordingly, merely alleging the ultimate fact of retaliation with no concrete and relevant particulars fails to raise a genuine issue of fact

---

[1] The R & R cites Jewell v. Leroux, 20 Fed. App'x 375, 377-78 (6th Cir. 2001); Friedman v. Corr. Corp. of Am., 11 Fed. App'x 467, 471 (6th Cir. 2001); and Mandela v. Campbell, 1999 WL 357825 at *3 (6th Cir., May 26, 1999) for the proposition that a transfer to another prison facility is not adverse action. Plaintiff correctly argues that unpublished cases have no precedential value. Bell v. Johnson, 308 F.3d 594, 611 (6th Cir. 2002) ("unpublished cases are not binding precedent"). Nonetheless, while unpublished opinions carry no precedential weight, they often carry persuasive weight. United States v. Webber, 208 F.3d 545, 552 (6th Cir. 2000). Thus, the court may consider unpublished cases as persuasive authority although not controlling authority.

for trial. Kensu v. Haigh, 87 F.3d 172, 175-76 (6th Cir. 1996); Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999) (inmate must allege more than his personal belief that he is the victim of retaliation).

Prison officials clearly have a legitimate penological interest in reassigning prisoners who are in conflict with supervisory personnel. See Pell v. Procunier, 417 U.S. 817, 822 (1974). Administrative actions that serve legitimate penological interests are permissible even if they have the residual effect of appearing to be acts in retaliation for a prisoner exercising his right of access to the courts. Ward, 58 F.3d at 275. Defendant McKee has presented a legitimate reason for Plaintiff's transfer. Plaintiff's assertion that Defendant McKee was actually motivated by a retaliatory intent is not supported by any direct facts, or facts that would reasonably give rise to such an inference. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990) (conclusory allegations of an affidavit are insufficient to establish triable issue). Accordingly, Plaintiff has not showed there is a genuine issue regarding Defendant McKee's motive for Plaintiff's transfer.

## Conclusion

The court has read the Magistrate Judge's Report and Recommendation and conducted an independent review of the record. For the reasons discussed above, the court finds that the Magistrate Judge's findings and recommendation are correct. Accordingly, for the reasons discussed above, the court ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. #28 ); and GRANTS Defendant Kenneth McKee's Motion for Summary Judgment. (Dkt. #18).

So ordered this 10th day of February, 2006.

/s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge