UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GREGORY POINDEXTER,

       Plaintiff,                                      Hon. Wendell A. Miles

v.                                                         Case No. 5:05 CV 65

KENNETH McKEE, et al.,

       Defendants.

_____/


## REPORT AND RECOMMENDATION

       This matter is before the Court on <u>Defendant's Motion for Summary Judgment</u>. (Dkt. #38). Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions for summary judgment, the undersigned recommends that Defendant's motion be **granted in part and denied in part**.


## BACKGROUND

       The following allegations are contained in Plaintiff's complaint. On August 14, 2003, Plaintiff was employed in the Michigan State Industries prison furniture factory located at the Bellamy Creek Correctional Facility. On that day, Factory Supervisor Kenneth Moore observed Plaintiff "standing/leaning on a podium," at which point Moore "kicked" Plaintiff in the left foot/ankle. Moore instructed Plaintiff to remove his feet from the podium to prevent it from breaking. Later that day, Moore approached Plaintiff and "struck [him] on [the] hands, grazing [his] buttock." Plaintiff

subsequently filed a grievance against Moore. Plaintiff also requested that the Michigan State Police file criminal charges against Moore. On September 25, 2003, Plaintiff was transferred to the St. Louis Correctional Facility. Plaintiff alleges that Warden Kenneth McKee authorized his transfer.

On April 18, 2005, Plaintiff initiated the present action against Moore and McKee. Plaintiff asserts that Defendant Moore's actions violate his constitutional rights and, moreover, constitute assault and battery under Michigan law. Plaintiff asserts that Defendant McKee transferred him in retaliation for exercising his constitutional right to file grievances. On August 1, 2005, Defendant McKee moved for summary judgment. (Dkt. #18). On November 9, 2005, the undersigned recommended that Defendant McKee's motion be granted. (Dkt. #28). The Honorable Wendell A. Miles adopted this recommendation and dismissed Plaintiff's claims against Defendant McKee. (Dkt. #40). Defendant Moore has now filed the present motion seeking summary judgment.

## **SUMMARY JUDGMENT STANDARD**

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits. *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996); *Aiken v. The City of Memphis*, 37 F.3d 1155, 1161 (6th Cir. 1994). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also*, *Terry Barr Sales Agency v. All-Lock Co.*

*Inc.*, 96 F.3d 813, 819 (6th Cir. 1996) (citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989)).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also*, *Terry Barr Sales Agency*, 96 F.3d at 819; *Schaffer v. A.O. Smith Harvestore Products, Inc.*, 74 F.3d 722, 727 (6th Cir. 1996). The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989) (quoting *Matsushita Electric Ind. Co.*, 475 U.S. at 587); *see also*, *Schaffer*, 74 F.3d at 727.

As the Sixth Circuit has recognized, Supreme Court decisions have encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252; *see also Bailey v. Floyd Board of Education*, 106 F.3d 135, 140 (6th Cir. 1997). Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

## ANALYSIS

Plaintiff asserts that Defendant Moore violated his Eighth Amendment right to not be subjected to the excessive use of force. Relying on 42 U.S.C. § 1997e(e), Defendant asserts that Plaintiff's Eighth Amendment claim must be dismissed because Plaintiff has failed to establish that he suffered a serious physical injury. Defendant's reliance on § 1997e(e), however, is misplaced. This particular provision provides that

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for *mental or emotional injury* suffered while in custody without a prior showing of physical injury.

(emphasis added).

Because Plaintiff is not seeking damages for mental or emotional injury, the physical injury requirement articulated in § 1997e(e) is simply inapplicable. Defendant is correct that Plaintiff suffered, at most, de minimis injuries. While this fact is relevant when evaluating Plaintiff's Eighth Amendment claim, it is not dispositive. As the Supreme Court has held

> When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today.

*Hudson v. McMillan*, 503 U.S. 1, 9 (1992) (internal citations omitted).

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. U.S. Const. amend. VIII. The excessive use of force which results in the unnecessary and wanton infliction of pain violates this provision. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). Thus,

an assault by a prison official can constitute cruel and unusual punishment, despite the fact that the prisoner did not suffer severe physical injury. *See Hudson*, 503 U.S. at 4.

Claims alleging the excessive use of force have both a subjective and an objective component. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). The objective component of the analysis examines whether the pain or deprivation allegedly suffered by the prisoner was "sufficiently serious" to implicate the Eighth Amendment. *Id.* To be "sufficiently serious," the prison official's act or omission must deny the prisoner of "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), as defined by contemporary standards of decency. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).

The subjective component of the analysis examines whether the prison official's conduct reflected "obduracy and wantonness" or was instead the product of "inadvertence or error in good faith." *Wilson*, 501 U.S. at 299. In this respect, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. 320-21. When evaluating whether a prison official's conduct falls short of this standard, the Court must consider the following factors: (1) the need for the application of force, (2) the relationship between such need and the force used, (3) the threat reasonably perceived by the prison official, and (4) any efforts undertaken to temper the severity of the response. *Hudson*, U.S. at 7. The absence of injury, while relevant, is not dispositive. *Id.* An evaluation of the evidence in this matter compels the conclusion that Plaintiff can satisfy neither the objective nor the subjective prong of the analysis.

Plaintiff testified that Defendant's act of kicking his foot did not cause him to stumble or lose his balance in any way. (Deposition Transcript at 13). Plaintiff was not injured and perceived no need to seek medical care. *Id.* at 13-17, 26. In fact, only a few minutes after this incident Plaintiff was able to walk down a flight of stairs (without assistance) where he stood around visiting with his friends. *Id.* at 13-17.

While Plaintiff was visiting with his friends, Defendant approached Plaintiff. *Id.* at 17-18. Defendant walked behind Plaintiff and "hit" Plaintiff's hands with some time cards he was carrying. *Id.* at 18-19. Immediately after doing so, Defendant told Plaintiff "we're going to have to have a talk." *Id.* at 19-20. Plaintiff was not injured in any way by Defendant's actions. *Id.* at 19-20. In fact, Plaintiff characterized the encounter as something which might transpire between "beer buddies or best friends." *Id.* at 18-19. Furthermore, Plaintiff acknowledged that Defendant simply used the time cards to "get [his] attention" because he had his back turned to Defendant. *Id.* at 19.

Later that day, Plaintiff was ordered to go to health services for an examination. *Id.* at 26-27. Plaintiff reiterated that he did not require medical attention, but he nonetheless went to health care as instructed. *Id.* at 27. A nurse examined Plaintiff's foot and concluded that he "may have some bruising, maybe some swelling," but that he would "be okay." *Id.* at 28. The nurse gave Plaintiff some aspirin, but otherwise provided no treatment. *Id.* Furthermore, the nurse did not impose on Plaintiff any physical limitations or restrictions. *Id.* at 31. Plaintiff testified that he did not experience any subsequent difficulties with his foot and did not return to health care for treatment. *Id.* at 28-29.

Plaintiff has presented no evidence from which a reasonable person could conclude that Defendant's actions caused Plaintiff to experience a deprivation or injury "sufficiently serious" to implicate the Eighth Amendment. There is absolutely no evidence that Plaintiff experienced any adverse

effect as a result of Defendant's actions. Furthermore, Plaintiff has presented no evidence that Defendant acted with malice or wantonness "for the very purpose of causing harm." To the contrary, Plaintiff acknowledged that Defendant actions were motivated by his desire that Plaintiff (a) remove his feet from the podium and (b) recognize that he was being spoken to. *Id.* at 12, 19.

As is well recognized, "prison security and discipline may often require that prisoners be subjected to physical contact equivalent to common law assault." *Brikho v. Horan*, 146 Fed. Appx. 13, 15 (6th Cir., Aug. 4, 2005) (citing *Whitley*, 475 U.S. at 319). However, not every such contact runs afoul of the Eighth Amendment. *Brikho*, 146 Fed. Appx. at 15. While the Court does not condone Defendant's alleged actions, to assert that such actions constituted the wanton and unnecessary infliction of pain only serves to trivialize the truly serious deprivations which the Eighth Amendment is designed to protect. In sum, Plaintiff cannot establish either prong of the standard articulated above. Accordingly, the undersigned recommends that Defendant is entitled to summary judgment as to Plaintiff's claim that Defendant violated his Eighth Amendment rights.

Having recommended the dismissal of Plaintiff's federal law claim, the Court must turn its attention to Plaintiff's state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Wojnicz v. Davis*, 2003 WL 21774162 at *3 (6th Cir., July 29, 2003) (same). Accordingly, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's state law claims and instead dismiss such without prejudice.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant is entitled to summary judgment as to Plaintiff's Eighth Amendment claim. The undersigned further recommends that Plaintiff's remaining state law claims be dismissed without prejudice. Accordingly, the undersigned recommends that Defendant's Motion for Summary Judgment, (dkt. #38), be **granted in part and denied in part**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 2, 2006

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge