UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY POINDEXTER

        Plaintiff,

v.                                          Case No. 5:05-cv-65

KENNETH MCKEE AND KENNETH        Hon. Wendell A. Miles
MOORE,

        Defendants.
_____/

ORDER

On February 10, 2006, the Court entered an order in this case adopting the magistrate judge's report and recommendation to grant Defendant McKee's motion for summary judgment. This case is presently before the Court on Plaintiff's Motion to Alter or Amend Judgment (docket #42), brought under Federal Rule of Civil Procedure 59(e). For the reasons discussed below, the Court denies the motion.

The Sixth Circuit summarized in *GenCorp, Inc. v. Amer. Int'l Underwriters*, 178 F.3d 804, 833-34 (6th Cir. 1999), that motions to alter or amend judgment under Rule 59(e) may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n. 3 (1st Cir. 1993); *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993), or to prevent manifest injustice. *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n. 3. Plaintiff argues that the order granting

Defendant McKee summary judgment is based on a clear error of law.

Plaintiff complained of events that occurred while he was incarcerated at the Bellamy Creek Correctional Facility.  He alleged that after he filed a grievance and a complaint with the Michigan State Police regarding actions by Defendant Moore, Defendant McKee, the Bellamy Creek warden, transferred him to a different facility which caused him to lose his high-paying job at the Bellamy Creek furniture factory.  He claimed that Defendant McKee's actions were in retaliation for his grievance and complaint against Defendant Moore, in which he claimed that Defendant Moore had kicked him and hit his hands and buttocks.  The Court found that Plaintiff had not established an "adverse action," or retaliatory motive, necessary elements of a retaliation claim.

Plaintiff first argues that the Court erroneously failed to follow Spruyette v. Hoffner, 181 F. Supp. 2d 736 (W.D. Mich. 2001), which found that a prison transfer, loss of prison job, loss of personal property and being labeled a security threat constituted an "adverse action."  Spruyette does not stand for the proposition that whenever a prisoner is transferred to a different facility, and as a result loses his prisoner job, he has shown an adverse action.  The Sixth Circuit has established, albeit in unpublished opinions, that a transfer from one prison facility to another facility within the same security classification does not constitute an adverse action, which was recognized in Spruyette.  Id. at 743 ("The fact that Plaintiffs were transferred is insufficient to constitute adverse action").  In Spruyette, the plaintiffs also lost their high-paying library jobs, were labeled security threats, and lost personal property that had been removed from their footlockers during the transfer.  The plaintiff in King v. Zamiara, 150 F. App'x 485, 2005 WL 2496478 (6th Cir. 2005), alleged three retaliatory actions: (1) false charges of misconduct, (2) an

institutional transfer, and (3) increased security level.  The Sixth Circuit found that the transfer was not an adverse action, but "[b]eing falsely charged with a major misconduct and having one's security level increased could deter a person of ordinary firmness from exercising his First Amendment rights . . . ." Id. at 493, *8.  Being labeled a security threat could have a significantly greater negative, and long term, impact on a prisoner than a mere transfer to a different facility.  Considering all of the consequences to the Spruyette plaintiffs, the court concluded they had established adverse action.  Here, Plaintiff was transferred within the same security classification and as a result lost his prison job.  Based upon Sixth Circuit law, the Court finds no error in its conclusion that these results, standing alone, would not deter a person of ordinary firmness from complaining of an unwarranted physical attack by a prison employee.

Plaintiff's second argument is that the Court erroneously ignored Plaintiff's evidence when it concluded that Defendant McKee's actions were not motivated by a retaliatory intent.  Otherwise permissible actions by prison officials can become impermissible if taken for the purpose of retaliation.  Plaintiff's evidence supports the conclusion that Defendant McKee transferred Plaintiff as a result of Plaintiff's grievance and police complaint pertaining to Defendant Moore, who was Plaintiff's supervisor at the prison furniture factory.  In his affidavit, Defendant McKee stated that "when there is an investigation against staff that indicates there may be possible rule violations that could be substantive concerning a prisoner that would lead to disciplinary action against that staff member, the prisoner is transferred to another facility to assure there is no conflict of interest."  As the court explained in Babcock v. White, 102 F.3d 267 (7th Cir. 1996), "the ultimate question is whether events would have transpired differently absent the retaliatory motive."  Id. at 275, citing Mt. Healthy City School District v. Doyle, 429

3

U.S. 274, 287 (1977).  Plaintiff's evidence does not refute Defendant McKee's explanation for his response to the conflict between Plaintiff and Defendant Moore.  In other words, the affidavit shows that Defendant McKee transferred Plaintiff based upon legitimate administrative concerns, not with the intent of retaliating against Plaintiff.  Accordingly, the Court finds no error in its determination on the issue of motive.

Plaintiff's final argument is that Defendant McKee is not entitled to recover attorney's fees and costs.  However, the magistrate judge did not recommend such action, and the Court made no such an award.

## Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Alter or Amend Judgment (docket #42).

So ordered this 7th day of August, 2006.

>  /s/ Wendell A. Miles
> Wendell A. Miles
> Senior U.S. District Judge