UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY POINDEXTER

        Plaintiff,

v.

KENNETH MCKEE AND KENNETH
MOORE,

        Defendants.
_____/

Case No. 5:05-cv-65

Hon. Wendell A. Miles

OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION

Plaintiff Gregory Poindexter, a prisoner within the custody of the Michigan Department of Corrections (MDOC), filed this civil rights action without benefit of counsel under 42 U.S.C. § 1983, based upon events that occurred while he was housed at the Bellamy Creek Correctional Facility. He alleged violations of his First and Eighth Amendment rights and state law. Plaintiff sued Kenneth McKee and Kenneth Moore, respectively the warden and factory supervisor at Bellamy Creek Correctional Facility.

Defendant Moore filed a motion for summary judgment. On June 2, 2006, United States Magistrate Judge Ellen S. Carmody submitted a Report and Recommendation, recommending that the Defendant Moore's motion be granted as to the Eighth Amendment claim, and that the Court decline to exercise jurisdiction over Plaintiff's state law claims. (docket #44). Plaintiff filed objections to the Report and Recommendation. (docket #52). For the reasons that follow, the Court overrules Petitioner's objections, and adopts the Report and Recommendation

Plaintiff was employed in the Michigan State Industries prison furniture factory located

at the Bellamy Creek facility. On August 14, 2003, the factory supervisor, Kenneth Moore, observed Plaintiff standing/leaning on a podium. Moore kicked Plaintiff on the right ankle and advised him to remove his feet from the podium before he broke it. Plaintiff did not fall or lose his balance; had no trouble negotiating stairs; did not notice swelling on his foot or ankle; and did not feel he needed medical attention. Plaintiff noticed slight bruising on his ankle. Later that day, Moore struck Plaintiff on the hands with a packet of time cards "grazing his buttocks." Plaintiff did not sustain any injury to his hands or buttocks. Plaintiff claims that Defendant Moore's actions violated Plaintiff's rights under the Eighth Amendment as well as constituted assault and battery under state law.[1]

## Standard of Review

The Court must review the magistrate judge's report and recommendation *de novo* when objections have been made to the report and recommendation. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Vogel v. U.S. Office Prods. Co., 258 F.3d 509, 515 (6th Cir. 2001).

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In considering a motion for summary judgment, the district court must construe all reasonable inferences in favor of the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc*.,* 477 U.S. 242, 247-48, 106

---

[1] Plaintiff claimed that, in retaliation for filing a grievance against Defendant Moore, Defendant McKee transferred Plaintiff to a different prison facility. On February 10, 2006, the Court granted Defendant McKee's motion for summary judgment.

S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## Discussion

Courts considering a prisoner's Eighth Amendment claim must determine whether the defendant acted "with a sufficiently culpable state of mind," and if the wrongdoing was objectively "harmful enough" to establish a constitutional violation.  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The magistrate judge found that the evidence failed to show that Defendant Moore acted "maliciously and sadistically for the very purpose of causing harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  Nor did the evidence show that Plaintiff sustained an injury sufficiently serious to implicate the Eighth Amendment.  Id. at 9-10.  Plaintiff does not object to the finding that his injury was *de minimis*.  He argues that Defendant Moore's "attacks" were unprovoked and therefore, malicious.

Plaintiff testified at his deposition that he believes Defendant Moore hit him with the time cards to get his attention because his back was to Moore.  Considering this acknowledgment, along with the fact that Plaintiff suffered no injury to his hands or buttocks, and that being hit with a packet of time cards would not likely cause an injury, the Court agrees with the magistrate judge's finding that Defendant Moore was not acting  "maliciously and sadistically for the very purpose of causing harm."

Defendant Moore stated in his affidavit that the podium had been manufactured at the prison for a church customer, and he was concerned that Plaintiff's foot on the podium could scratch or damage the finish.  This portion of the affidavit is unrefuted.  There is no reason to conclude that Defendant Moore could not have accomplished his purpose by simply directing Plaintiff to move his foot.  Nonetheless, his concerns were reasonable, and while he may have

3

used poor judgment, the Court agrees with the magistrate judge's finding that he clearly did not act with the malicious intention of causing injury to Plaintiff.

Plaintiff further argues that because Defendant has "finally admitted the assault and battery did occur," the Court should exercise jurisdiction over Plaintiff's state law claim. The magistrate judge applied the correct law. Section 1983 does not provide a remedy for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The United States Supreme Court and the Sixth Circuit have stated that when a district court dismisses all federal claims, the court should generally decline to exercise supplemental jurisdiction over state law claims. United Mine Workers of Am. v. Gibbs, 383 US 715, 726 ("if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); Weeks v. Portage County Executive Offices, 235 F. 3d 275, 279-80 (6th Cir. 2000); Landefeld v. Marion Gen. Hosp., 994 F.2d 1178, 1182 (6th Cir. 1993); Wolotsky v. Huhn, 960 F.2d 1331, 1338 (6th Cir.1992) (holding that "where a district court exercises jurisdiction over state law claims solely by virtue of pendent jurisdiction and the federal claims are dismissed prior to trial, the state law claims should ordinarily be dismissed without reaching their merits."); Washington v. Starke, 855 F.2d 346, 351 (6th Cir.1988) ("It is a clear rule of this circuit that if a plaintiff has not stated a federal claim, his pendant state law claims should be dismissed."). Although Plaintiff may very well have a valid state-law tort claim, once the Court has dismissed the federal claims it is appropriate to dismiss, without prejudice, the state claims so that the plaintiff may pursue, if he chooses, these claims in the state courts. Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1254 (6th Cir.1996).

## **Conclusion**

The court has considered the magistrate judge's report and recommendation and the Plaintiff's objections, and conducted an independent review of the record. For the reasons discussed above, the court finds that the magistrate judge's findings, conclusions and recommendations are correct. Accordingly, the Court overrules the Plaintiff's objections (docket #52), and adopts the magistrate judge's report and recommendation (docket #44) in its entirety. Therefore,

IT IS ORDERED that Defendant Kenneth Moore's Motion for Summary Judgment (docket #38) is GRANTED as to the federal claims.

IT IS FURTHER ORDERED that the motion is denied as to the state law claims; the state law claims are DISMISSED WITHOUT PREJUDICE.

So ordered this 7th day of August, 2006.

 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge